UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT COFFMAN,<br><br>   Plaintiff,<br><br>  v.<br><br>BORGES, ET AL,<br><br>   Defendants. | Case No. 1:23-cv-00012-CDB<br><br>SECOND ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR PLAINTIFF'S FAILURE TO PROSECUTE THIS ACTION AND TO COMPLY WITH THE COURT'S ORDERS<br><br>**THREE-DAY DEADLINE** |

  Plaintiff filed a complaint on January 3, 2023. (Doc. 1). That same day, the Clerk of Court issued summonses and the Court entered an Order setting a mandatory scheduling conference. (Docs. 2, 3). The Order directed Plaintiff to "diligently pursue service of summons and complaint" and "promptly file proofs of service." (Doc. 3). The Order further advised Plaintiff that failure to diligently prosecute this action "may result in the imposition of sanctions, including the dismissal of unserved defendants." *Id*.

  On March 17, 2023, the Court ordered Plaintiff to show cause why sancitons should not be imposed for Plaintiff's failure to prosecute this action and to comply with the Court's order. (Doc. 4). Specifically, the Court noted Plaintiff had not filed proofs of service and the defendants had not appeared in the action, requiring the Court to reset the upcoming scheduling conference. *Id*. at 1.

  On March 22, 2023, Counsel for Plaintiff filed a response to the Court's March 17, 2023

order to show cause.  (Doc. 5).  Counsel claimed on January 25, 2023, he had requested wavier of service of summons to the Office of Legal Affairs at the California Department of Corrections and Rehabilitation in Sacramento ("CDCR").  *Id*. at 2.  Counsel stated he was not focused on the prosecution of this action and "lost track of the lapse of time" for the CDCR to respond.  *Id*.  Counsel claimed on March 21, 2023, his local process server vendor had served copies of the Summons and Complaint on the named defendants.  *Id*.  Counsel claimed he would "file the completed proof of service with the Court forthwith."  *Id*.

Based on Counsel for Plaintiff's representations, on March 23, 2023, the Court discharged the March 17, 2023, order to show cause noting that Counsel's proffered conduct constituted excusable neglect.  (Doc. 6).

However, Counsel for Plaintiff still has not filed proofs of service, despite his representation to the Court more than one month ago that he would file them "forthwith," no defendants have appeared, and the Court is again compelled to re-calendar the scheduling conference due to Plaintiff's unexplained delay in perfecting process.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action.  *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000).

In addition, Rule 4(m) of the Federal Rules of Civil Procedure provides: "If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).  Absent a showing of good cause, failure to comply with Rule 4(m) may result in dismissal of this action.

Based on the foregoing, IT IS HEREBY ORDERED that Counsel of Plaintiff shall show cause in writing within three days why sanctions, including monetary sanctions or dismissal, should not be imposed for Plaintiff's failure to file the completed proofs of service with this

Court.

IT IS FURTHER ORDERED that the scheduling conference previously set for May 17, 2023, is CONTINUED to August 8, 2023 at 10:00 a.m.

Any failure by Plaintiff to respond to this Order to Show Cause may result in dismissal of this action.

IT IS SO ORDERED.

Dated:   **April 28, 2023**

UNITED STATES MAGISTRATE JUDGE