UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT COFFMAN,<br><br>            Plaintiff,<br><br>     v.<br><br>BORGES, ET AL,<br><br>            Defendants. | Case No. 1:23-cv-00012-CDB<br><br>ORDER DISCHARGING APRIL 28, 2023, ORDER TO SHOW CAUSE |

      On April 28, 2023, the Court issued a second order to show cause why sanctions should not be imposed for Plaitniff's failure to prosecute this action and to comply with the Court's orders. (Doc. 8). That same day, Counsel for Plaintiff filed a declaration in response to the Court's order to show cause, as well as the proof of service documents. (Docs. 9-11). Counsel for Plaintiff represented he had difficulty in obtaining and filing "proof of service" from his process service vendor as it was in the process of closing its business. (Doc. 11). Further, Counsel for Plaintiff notes he has experienced staffing problems in his office. *Id*. at 3.

      To determine whether neglect is excusable, a court must consider four factors: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *In re Veritas Software Corp. Sec. Litig.*, 496 F.3d 962, 973 (9th Cir. 2007). The Court finds Counsel for Plaintiff's representations in his declaration demonstrate that his failure to follow the

1

Court's orders constitute excusable neglect. Moreover, Counsel for Plaintiff's execution and filing of proof of service establishes that Plaintiff is engaged in prosecuting this action. (Docs. 9-10).

Accordingly, IT IS HEREBY ORDERED, the Court's April 28, 2023, Order to Show Cause is DISCHARGED.

IT IS SO ORDERED.

Dated: __May 2, 2023__                    _____
                                          UNITED STATES MAGISTRATE JUDGE